UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

**LELAND HOUSE LIMITED PARTNERSHIP COMPANY,**

    Debtor.
_____/

Case No. 25-51190
Chapter 11
Hon. Maria L. Oxholm

Leland House Limited Partnership Company,

    Plaintiff,

v.

Kraemer Design Group, LLC,

    Defendant.
_____/

Adv. Proc. No.
Hon. Maria L. Oxholm

## COMPLAINT

Leland House Limited Partnership Company ("Debtor") through counsel, for its Complaint against Kraemer Design Group, LLC ("KDG"), states:

## PARTIES, JURISDICTION AND VENUE

1. Debtor is a Michigan limited partnership with its principal place of business in Michigan.

2. Upon information and belief, KDG is a Michigan limited liability company headquartered in Detroit, Michigan.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

1

4. This proceeding is a core proceeding under 28 U.S.C. §§ 157.

5. Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. § 1409.

6. The relief sought by Debtor consists of a determination regarding the validity, priority and extent of a lien alleged by KDG. Accordingly, proceeding by adversary proceeding is required under Fed. R. Bankr. P. 7001(b).

## GENERAL ALLEGATIONS

7. Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. ("Code") on November 3, 2025 ("Petition Date").

8. KDG filed a proof of claim with this Court on January 7, 2026 asserting a secured claim in the amount of $491,307.32.

9. In the proof of claim, KDG alleges that it is owed $491,307.32 secured by a lien against Debtor's real property.

10. On or about February 11, 2021, Debtor and KDG entered into an agreement pursuant to which KDG agreed to provide certain architectural services (the "Agreement").

11. On or about October 17, 2022, KDG filed a lawsuit against Debtor alleging two counts: one for breach of contract and one for foreclosure of lien. In the 2022 Complaint, KDG alleged Debtor owed KDG $687,502.37 in contract damages.

12. On the same date, KDG recorded a "Notice of Professional Services Contract" and a Claim of Lien with the Wayne County Register of Deeds and served both documents on Debtor via US certified mail.

13. In August, 2023, KDG and Debtor entered into a settlement agreement ("Settlement Agreement") which required KDG, among other things, to release its Claim of Lien after receiving a $300,000 down payment from Debtor.

14. Debtor timely made the down payment and KDG released the Claim of Lien and dismissed the 2022 Complaint.

15. KDG performed no work under the Agreement after the Settlement Agreement was executed.

16. On August 2, 2024, KDG issued a notice of default alleging a default by Debtor in its payments under the Settlement Agreement due to Debtor's alleged failure to pay the "Remaining Balance" required under the Settlement Agreement in the amount of $387,502.00.

17. On August 21, 2024, KDG recorded a second Claim of Lien with the Wayne County Register of Deeds.

18. KDG did not file another "Notice of Professional Services Contract."

19. On August 28, 2024, KDG obtained entry of a "Stipulated Order of Reinstatement and Consent Judgment" by the Wayne County Circuit Court as a remedy permitted under the Settlement Agreement. The Consent Judgment granted KDG a judgment in the amount of the Remaining Balance - $387,502.00.

20. On August 22, 2025, KDG commenced a new action against Debtor alleging one count of lien foreclosure seeking to foreclose on the 2024 Claim of Lien.

**Count I – Determination that KDG Has No Valid Lien**

21. Debtor incorporates all prior allegations into this paragraph.

22. Under MCL 570.1111, a construction lien ceases to exist if it is not recorded within 90 days after the last furnishing of labor or material.

23. The 90-day deadline is absolute and there is no statutory "substantial compliance" or tolling provisions. *GMC v. Inrecon, LLC (In re Jackson Precision Die Casting, Inc.)*, 291 B.R. 396, 398-99 (Bankr. E.D. Mich. 2003).

24. KDG did not provide any labor, materials or service to Debtor under the Agreement within 90 days of the filing of the Claim of Lien on August 21, 2024.

25. Accordingly, KDG has no lien on Debtor's real property.

26. Under MCL 570.1117(1), a proceeding for the enforcement of a construction lien and the foreclosure of interests subject to the construction lien must be brought within one year after the date the claim of lien was recorded.

27. Because KDG waited more than one year to commence its 2025 action to foreclose on the 2024 claim of lien, the construction lien is not enforceable against Debtor or any other holder of an interest in Debtor's real property.

WHEREFORE, Debtor requests entry of a judgment determining that KDG has no valid lien on Debtor's property.

## Count II – Avoidance of KDG's Lien

28. Debtor incorporates all prior allegations into this paragraph.

29. Under 11 U.S.C. § 544(a), Debtor may avoid any transfer of property of the Debtor that is voidable by the holder, as of the Petition Date, of a judicial lien and of an unsatisfied execution, or that may be avoided by a bona fide purchaser of real property as of the Petition Date.

30. Under 11 U.S.C. § 544(a)(2), the Debtor may avoid the fixing of a statutory lien on property of the Debtor to extent such lien is not perfected or enforceable, as of the Petition Date, against a bona fide purchaser of real property.

31. Because (i) KDG did not provide any services within 90 days of the 2024 Claim of Lien and (ii) KDG did not commence an action to enforce or foreclose the Claim of Lien within one year after the 2024 Claim of Lien was recorded, a bona fide purchaser of real property as of the Petition Date has superior rights to Debtor's real property and could avoid the Claim of Lien, as could any judicial lien holder or creditor with an execution that was returned unsatisfied.

WHEREFORE, Debtor requests entry of a judgment avoiding any lien KDG may have on Debtor's property.

### Count III – Recovery of Avoided Transfers

32. Debtor incorporates all prior allegations into this paragraph.

33. The filing of a Claim of Lien and fixing of a statutory lien is a transfer under 11 U.S.C. § 550.

34. KDG was the initial transferee of each of the transfer.

35. KDG is the entity for whose benefit the transfer was made.

36. As a result, Debtor may recover the transfer of the lien rights, or the value of the transfer of the lien rights, from KDG as authorized under 11 U.S.C. § 550(a)(1).

WHEREFORE, Debtor requests entry of a judgment against KDG and in favor of Debtor for the value of the lien rights transferred to KDG, if any.

### Count IV – Determination of Priority and that KDG has No Lien Under § 506(a)

37. Debtor incorporates all prior allegations into this paragraph.

38. Under 11 U.S.C. § 506(a), a claim of a creditor secured by property of the Debtor is a secured claim only "to the extent of the value of such creditor's interest in the estate's interest in such property." The claim "is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim."

39. Under MCL 570.1107a(3), the "Notice of Professional Services Contract" recorded by KDG in 2022 was valid for only one year. Accordingly, the notice expired in 2023.

40. Accordingly, KDG had no filing preserving any priority for its alleged lien until August of 2024.

41. All liens and mortgages incurred by Debtor before August of 2024 have priority over KDG's alleged construction lien.

42. Debtor has in excess of $18 million of secured claims with priority ahead of KDG's alleged construction lien.

43. Debtor's real property has a sale value considerably less than $18 million.

44. Under 11 U.S.C. § 506(d), "[t]o the extent a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void [with exceptions not applicable to KDG's lien]."

45. Because KDG's lien rights, if any, are subordinate to more than $18 million in prior secured claims, and because the sale value of Debtor's real property is less than $18 million, KDG's claim is wholly unsecured.

46. Accordingly, KDG's alleged lien rights secures a claim that cannot be an allowed secured claim under § 506(a), and the lien is, therefore, void under § 506(d).

7

26-04015-mlo    Doc 1    Filed 01/12/26    Entered 01/12/26 07:53:47    Page 7 of 8

WHEREFORE, Debtor requests entry of a judgment determining that (i) KDG's claim is junior to all mortgages and liens recorded before August 2024, (ii) KDG's alleged claim is an unsecured claim under § 506(a), and (iii) KDG's alleged lien is void under § 506(d).

Respectfully submitted,

HEILMAN LAW PLLC

Dated: January 12, 2026   By:   /s/ Ryan D. Heilman
                                                 Ryan D. Heilman (P63952)
                                                 Attorneys for Debtor
                                                 40900 Woodward Ave., Suite 100
                                                 Bloomfield, MI 48304
                                                 (248) 835-4745
                                                 ryan@heilmanlaw.com